**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| LORENZO GILLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:16-CV-699 RL |
| vs. | ) | |
| | ) | |
| STEVE RICHMOND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Lorenzo Gillon, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint,

-1-

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Gillon is an inmate at the St. Joseph County Jail and complains that during med pass on August 4, 2016, he asked the medical staff for a Tylenol pill. Soon after Gillon received and ingested the pill, the nurse came back to his cell and told him that she mistakenly gave him someone else's medication. Gillon alleges that he is now concerned that this may happen again and is reluctant to use the medical facilities at the jail. He brings suit for money damages against Assistant Warden and Melinda Fisher based upon "emotional and psychological distress" as well as "mental anguish."

As a threshold matter, Gillon does not identify what either named defendant did in connection with his claim. This is necessary as "[a] plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d

592, 596 (7th Cir. 2009). There is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). That is to say, a supervisor is not responsible in a federal civil rights lawsuit for the actions or omissions of his employees. Because there is no indication that either Assistant Warden Richmond or Melinda Fisher was personally responsible for giving Gillon the wrong medication, he has not stated a claim against them.

Nevertheless, even if Gillon had named the individuals personally responsible for providing him with the wrong medication, it would still not be plausible to find that Gillon's constitutional rights were violated. From the allegations of the complaint, it is clear that the unidentified nurse mistakenly gave Gillon the wrong medication. The nurse's action could be deemed negligent under state law. However, negligence does not establish a constitutional claim since "the Eighth Amendment does not codify common law torts." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation omitted).

Moreover, Gillon alleges that being given the wrong medication has caused him to suffer emotional distress. He does not allege that he has directly suffered any physical injury as a result of these events. Without actual injury caused by the defendants' actions or omissions, Gillon can not plausibly state a claim in federal court. *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir.

2000).

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

As explained, this complaint does not state a claim. Though it does not appear that Gillon could state a claim even if he filed an amended complaint, he will nevertheless be permitted to do so. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the reasons set forth above, the Court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and sent it to Lorenzo Gillon;

(2) **GRANTS** Lorenzo Gillon to and including January 30, 2017, to file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

DATED: January 5, 2017       /s/RUDY LOZANO, Judge
                                        United States District Court